UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                                   19-CV-01056-LJV-MJR
                                                         DECISION & ORDER
$16,037.00 UNITED STATES
CURRENCY,

        Defendant.

---

NAZIER MCFADDEN,

        Claimant.

---

On August 9, 2019, the United States commenced this action under 21 U.S.C. § 881(a)(6), alleging that the defendant $16,037.00 in United States currency ("defendant currency") was subject to civil forfeiture. Docket Item 1. On September 30, 2019, Nazier McFadden[1] filed a claim for the defendant currency. Docket Item 7.

On October 9, 2019, the case was referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Docket Item 8. On October 21, 2019, Nazier moved to dismiss, Docket Item 11; on November 7, 2019, the United States amended the complaint, Docket Item 12; on December 12, 2019, Nazier filed a supplemental memorandum of law in support of his motion to dismiss, Docket Item 15; and on January 3, 2020, the United States responded to that

---

[1] To distinguish between the claimant and his mother, Rosalyn McFadden, this decision will refer to them by their first names.

filing, Docket Item 17.  On March 12, 2020, Judge Roemer issued a Report and Recommendation ("R&R"), finding that Nazier's motion should be denied.  Docket Item 19.  On March 26, 2020, Nazier objected to the R&R, Docket Item 20, and on April 9, 2020, the United States responded to those objections, Docket Item 22.

This Court then heard oral argument from both sides on October 5, 2020.  *See* Docket Item 24.  Because Nazier had died, the Court requested additional briefing on the issue of standing.  Docket Item 25.  Counsel for the decedent submitted that briefing on October 19, 2020, Docket Item 26; the government responded on October 26, 2020, Docket Item 27; and counsel for the decedent replied on October 30, 2020, Docket Item 28.  On November 10, 2020, counsel for the decedent and the government submitted additional briefing on the issue of whether Nazier's estate needed to be substituted as the claimant.  Docket Items 30, 31.

Upon learning that the claimant's mother, Rosalyn McFadden, had petitioned to be named administrator of McFadden's estate, *see* Docket Item 30 at 2 n.1, and that upon appointment, she would move for substitution, the Court stayed the case pending substitution, Docket Item 32.  On September 30, 2021, counsel for the decedent moved to substitute Rosalyn, as administrator of Nazier's estate, as the claimant in this case pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.  Docket Item 35.  The government did not respond to that motion, and the time to do so has expired.

**DISCUSSION**

Rule 25(a)(1) provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

In briefing the issue of whether Nazier's estate needed to be substituted as the claimant, the parties disagreed about whether there had been a formal suggestion of death that triggered the 90-day window to substitute. Counsel for the decedent maintained that there had not, Docket Item 30 at 2; the government argued that counsel for the decedent's October 19, 2020 supplemental memorandum on standing, Docket Item 26, was a formal suggestion of death that triggered the 90-day window. Docket Item 31. For the reasons that follow, this Court agrees with the decedent.

A suggestion of death can be made only "by [a] party or by the decedent's successor or representative." Fed. R. Civ. Pro. 25(a)(1). Counsel for a decedent does not serve in that role, and therefore does not have the authority to make a suggestion of death, unless and until he is acting for the estate. *Young v. Patrice*, 832 F. Supp. 721, 726 (S.D.N.Y. 1993); *In re Klein*, 36 B.R. 390, 392 (Bankr. E.D.N.Y. 1984). After Nazier passed away, Naizer's attorney was, in fact, no longer Nazier's attorney. *See Al-Jundi v. Est. of Rockefeller*, 757 F. Supp. 206, 210 (W.D.N.Y. 1990) (Counsel for the decedent "no longer was [the decedent's] attorney because [the decedent's] death cut the umbilical cord. Death withdrew from the attorney every iota of authorization he had to act for or in [the decedent's] behalf."). So even if this Court found that the

supplemental memorandum filed by Nazier's counsel, George Hildebrandt, on October 19, 2020, otherwise met Rule 25(a)(1)'s requirements for a suggestion of death, it still would be ineffective.

That said, the failure to properly file and serve a suggestion of death does not prevent Rosalyn, as administrator of her late son's estate, from moving to be substituted for her son as the claimant. See Rea v. Mutual of Omaha Insurance Co., 2018 WL 3126749, at * 2 (W.D.N.Y. June 26, 2018) (citing Advisory Committee Notes to Rule 25 – 1963 Amendment ("A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death.")). But the motion to substitute Rosalyn as the claimant was filed by Hildebrandt as "attorney for the claimant, Nazier McFadden." Docket Items 35, 35-1 at ¶ 1. Because upon Nazier's death, Hildebrandt no longer had authority to act upon Nazier's behalf, and because there is no indication that Rosalyn has retained Hildebrandt to represent her in this matter, the motion to substitute was not properly filed.

## ORDER

Accordingly, the motion to substitute is DENIED without prejudice and with leave for Rosalyn to file such motion *pro se* or through retained counsel.

SO ORDERED.

4

Dated: December 15, 2021
       Buffalo, New York

                                  ***/s/ Lawrence J. Vilardo***
                                  LAWRENCE J. VILARDO
                                  UNITED STATES DISTRICT JUDGE