UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                                    19-CV-01056-LJV-MJR
                                                                      DECISION & ORDER

$16,037.00 UNITED STATES
CURRENCY,

        Defendant.

---

NAZIER MCFADDEN,

        Claimant.

---

On August 9, 2019, the United States commenced this action under 21 U.S.C. § 881(a)(6), alleging that the defendant $16,037.00 in United States currency ("defendant currency") was subject to civil forfeiture.[1]  Docket Item 1.  On September 30, 2019, Nazier McFadden[2] filed a claim for the defendant currency, Docket Item 7, and a few weeks later he moved to dismiss this action, Docket Item 11.  While his motion to dismiss was pending, Nazier passed away.  Docket Item 25.  After the Court

---

[1] The Court assumes the reader's familiarity with the procedural history of this case and its decision and order denying the motion to substitute filed by counsel for Nazier McFadden, the decedent, *see* Docket Item 36.

[2] To distinguish between the claimant and his mother, Rosalyn McFadden, this decision will refer to them by their first names.  The motion to substitute, Docket Items 37, 37-1, refers to Nazier's mother as Roslyn McFadden, but the letters of administration for Nazier's estate, Docket Item 37-2, and the previous motion to substitute, Docket Item 35, refer to her as Rosalyn McFadden.  The Court will refer to her as Rosalyn in this decision.

learned that the claimant's mother, Rosalyn McFadden, had petitioned to be named administrator of Nazier's estate, *see* Docket Item 30 at 2 n.1, and that she planned to move for substitution, the Court stayed the case pending substitution, Docket Item 32.

On September 30, 2021, counsel for the decedent moved under Rule 25(a)(1) of the Federal Rules of Civil Procedure to substitute Rosalyn, as administrator of Nazier's estate, as the claimant in this case. Docket Item 35. The Court denied that motion without prejudice because the motion had not been made by an attorney retained to represent the estate. Docket Item 36. In that same order, the Court also rejected the government's argument that a formal suggestion of death had been filed, and that the 90-day window to substitute under Rule 25(a)(1) had been triggered, in October 2020. *Id.* at 3-4. The Court therefore gave Rosalyn leave to file a motion to substitute herself as the claimant either *pro se* or through retained counsel. *Id.* at 4.

On February 2, 2022, Rosalyn, through retained counsel, moved under Rule 25(a)(1) to substitute herself, as administrator of Nazier's estate, as the claimant in this case. Docket Item 37. The government did not respond to that motion, and the time to do so has expired. For the reasons that follow, the motion to substitute is granted.

## LEGAL PRINCIPLES

Rule 25(a)(1) provides that:

If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

## DISCUSSION

### I.   CLAIM NOT EXTINGUISHED

As an initial matter, Nazier's death did not invalidate his claim.  "Civil forfeiture proceedings do not abate after the death of the property owner."  *United States v. Premises & Real Prop. with all Bldgs., Appurtenances, Improvements, Located at 509 Raspberry Patch Drive, Rochester, N.Y.*, 116 F. Supp. 3d 190, 192 n.2 (W.D.N.Y. 2015) (alterations omitted) (quoting *S.E.C. v. Wyly*, 860 F. Supp. 2d 275, 281 (S.D.N.Y. 2012)); *see also United States v. Land, Winston County*, 221 F.3d 1194 (11th Cir. 2000) (explaining that claimant's death during appeal process did not abate her claim and reaching the merits of decedent-claimant's claim).  The Court therefore "may order substitution of the proper party."  Fed. R. Civ. P. 25(a)(1).

### II.   PROPER PARTY

"A 'representative' of the deceased party's estate is a proper party for substitution."  *Graham v. Henderson*, 224 F.R.D. 59, 64 (N.D.N.Y. 2004) (citing *Sinito v. U.S. Dep't of Just.*, 176 F.3d 512, 516 (D.C. Cir. 1999)).  "[T]he representative is usually

either the appointed administrator or executor of the decedent's estate." *Id.* (citing *Al–Jundi v. Rockefeller*, 88 F.R.D. 244, 246 (W.D.N.Y. 1980)).

Rosalyn, in her capacity as the administrator of Nazier's estate, seeks to be substituted as the claimant. Docket Item 37. She has been issued letters of administration for Nazier's estate by the Surrogate's Court of the State of New York, Monroe County. *See* Docket Item 37-2. Thus, having been appointed administrator of Nazier's estate, Rosalyn is a proper party for substitution.

### III.   MOTION PROPERLY FILED

As explained above, a motion to substitute "may be made . . . by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). This motion was brought by attorney George Hildebrandt on Rosalyn's behalf, and this Court previously denied a motion to substitute Rosalyn brought by Hildebrandt. Docket Item 36. But when the first motion was made, "there [was] no indication that Rosalyn ha[d] retained Hildebrandt to represent her in this matter," *id.* at 4, and Rosalyn, in her capacity as administrator, now has retained Hildebrandt to represent her, Docket Item 37-1 at ¶ 3 ("[Hildebrandt] was retained by Ros[a]lyn McFadden to represent her in this matter, and she has signed a retainer agreement retaining [Hildebrandt] to represent her in this matter."). Therefore, Hildebrandt now has the authority to make the motion on Rosalyn's behalf.

Moreover, although there has not been a formal suggestion of death triggering the 90-day window to substitute, *see* Docket Item 36 at 3, Rosalyn need not await a formal suggestion of death to move to be substituted for her late son. *See Rea v. Mut. of Omaha Ins. Co.*, 2018 WL 3126749, at * 2 (W.D.N.Y. June 26, 2018) (citing Advisory

4

Committee Notes to Rule 25 – 1963 Amendment ("A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death.")).

The motion to substitute therefore was properly made by the attorney for the representative of the decedent's estate.

## **CONCLUSION**

For the reasons stated above, the motion to substitute Rosalyn McFadden, as Administrator of the Estate of Nazier L. McFadden, for the deceased claimant, Nazier McFadden, is GRANTED.  The Clerk of the Court shall amend the caption accordingly.  The parties shall contact the court within 30 days to schedule a status conference on the pending motion to dismiss and accompanying Report and Recommendation.

SO ORDERED.

Dated:   April 26, 2022
            Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE